Slip Op. 18-120

UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| CP KELCO US, INC., <br>         Plaintiff, <br> v. <br> UNITED STATES, <br>         Defendant, <br> and <br> NEIMENGGU FUFENG BIOTECHNOLOGIES CO., LTD. and SHANDONG FUFENG FERMENTATION, CO., LTD., <br>         Defendant-Intervenors. | Before: Richard W. Goldberg, Senior Judge <br> Consol. Court No. 13-00288 |

**OPINION**

[Sustaining the Department of Commerce's remand redetermination.]

Dated: September 17, 2018

 *Matthew L. Kanna*, *Nancy A. Noonan*, and *Leah N. Scarpelly*, Arent Fox LLP, of Washington, D.C., for plaintiff.

 *Alexander O. Canizares*, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, D.C., for defendant. With him on the brief were *Joseph H. Hunt*, Assistant Attorney General, *Jeanne E. Davidson*, Director, and *Patricia M. McCarthy*, Assistant Director. Of counsel on the brief was *Brandon J. Custard*, Office of the Chief Counsel for Trade Enforcement and Compliance, U.S. Department of Commerce, of Washington, D.C.

 *Ned H. Marshak*, *Jordan C. Kahn*, and *Brandon Petelin*, Grunfeld, Desiderio, Lebowitz, Silverman & Klestadt LLP, of Washington, D.C., for defendant-intervenors.

 **Goldberg, Senior Judge:** This matter returns to the court following a fourth remand of the final determination of the U.S. Department of Commerce ("Commerce" or "the Department") in its antidumping investigation of xanthan gum from the People's Republic of China. *Xanthan*

*Gum from the People's Republic of China*, 78 Fed. Reg. 33,351 (Dep't Commerce June 4, 2013) (final determ.) ("*Final Determination*") and accompanying Issues & Decision Mem. ("I&D Mem."), *amended by Xanthan Gum from the People's Republic of China*, 78 Fed. Reg. 43,143 (Dep't Commerce July 19, 2013) (am. final determ.). The four prior opinions of this court thoroughly set forth the facts underlying this appeal. *CP Kelco US, Inc. v. United States*, Slip Op. 15-27, 2015 WL 1544714 (CIT Mar. 31, 2015) ("*CP Kelco I*"); *CP Kelco US, Inc. v. United States*, Slip Op. 16-36, 2016 WL 1403657 (CIT Apr. 8, 2016) ("*CP Kelco II*"); *CP Kelco US, Inc. v. United States*, 41 CIT __, 211 F. Supp. 3d 1338 (2017) ("*CP Kelco III*"); *CP Kelco US, Inc. v. United States*, Slip Op. 18-36, 2018 WL 1703143 (CIT Apr. 5, 2018) ("*CP Kelco IV*"). The court presumes familiarity with those opinions. For the reasons discussed below, the court sustains Commerce's Remand Results.

## BACKGROUND

In its *Final Determination*, Commerce concluded that the Thai Ajinomoto financial statements constituted a better source for calculating surrogate financial ratios than the Thai Fermentation financial statements. I&D Mem. at cmt. 2. Commerce first disregarded the Thai Fermentation statements on the basis that the record did not contain a full English translation, without making a finding that the untranslated portions were crucial to Commerce's calculations. *Id.* Commerce then selected the only remaining statements, those of Thai Ajinomoto, despite the fact that the Thai Ajinomoto statements "show evidence of the receipt of countervailable subsidies." *Id.* Defendant-Intervenors Neimenggu Fufeng Biotechnologies, Co., Ltd. and Shandong Fufeng Fermentation Co., Ltd. (collectively, "Fufeng") challenged this determination, arguing that Commerce failed to properly justify its disregard of the Thai Fermentation statements. Def.-Intervenor Rule 56.2 Mot. for J. on the Agency R. 13–22, ECF No. 28 (Mar. 7,

2014). The court agreed, remanding for Commerce to provide a more robust explanation for its choice of financial statements. *CP Kelco I*, 2015 WL 1544714, at *7.

Commerce then submitted its Final Results of Redetermination Pursuant to Ct. Remand, ECF No. 83 (July 28, 2015) ("First Remand Results"). Commerce again chose the Thai Ajinomoto statements over the Thai Fermentation statements, justifying its selection by explaining the issues presented by the incompleteness of financial statements generally. *Id.* at 10–12. However, the court again remanded the issue, finding that Commerce still gave short shrift to the issues presented by the countervailable subsidies reflected in the Thai Ajinomoto statements. *CP Kelco II*, 2016 WL 1403657, at *5.

Commerce, as it did in its *Final Determination* and in its First Remand Results, again found that the Thai Ajinomoto statements were the better surrogate financial ratio source. Final Results of Redetermination Pursuant to Ct. Order 8, ECF No. 109 (Aug. 22, 2016) ("Second Remand Results"). Commerce based its determination on what it described as a new practice of "rejecting from use financial statements that are incomplete . . . unless there are no other financial statements left on the record." *Id.* at 7. The court again remanded, explaining that "the practice Commerce advance[d] [was] not reasonable and that it result[ed] in an unsupported determination." *CP Kelco III*, 41 CIT at __, 211 F. Supp. 3d at 1340. The court gave Commerce the option of doing a faithful comparison of the two statements or of making a "fact-sensitive finding" that the untranslated information in the Thai Fermentation statements was "vital," such that Commerce could not discern the reliability of those statements. *Id.*, 41 CIT at __, 211 F. Supp. 3d at 1345.

Commerce opted for the second alternative, explaining that "Thai Fermentation's financial statements are missing complete translations for two paragraphs of the property plant

and equipment (*i.e.*, fixed asset) footnote" which are central to calculating depreciation expense. Final Results of Third Redetermination Pursuant to Ct. Order 7, ECF No. 157 (Sept. 18, 2017) ("Third Remand Results"). Commerce further explained that:

> [I]n the instant proceeding, depreciation expense comprises . . . a majority of the overhead costs for Thai Fermentation. [And] by virtue of comprising all or most of a company's overhead costs, depreciation expense is an integral component of the denominator of the selling, general and administrative (SG&A) expense and profit ratios. Thus, depreciation can significantly impact the surrogate financial ratios . . . .

*Id.* at 8 (footnotes omitted). Commerce further provided that "the narrative portions of a company's footnotes can provide vital information regarding asset impairments, changes in useful lives of fixed assets, revaluations of fixed assets and the capitalization of production costs, among other things that are not shown on the numeric fixed asset schedule." *Id.* at 10.

The court remanded once more, stating that, "[u]nlike the prior proceedings cited by Commerce, here the Department has not identified a particular depreciation methodology, class of fixed assets, or statement by the auditor in the Thai Fermentation statements that is questionable or unreliable." *CP Kelco IV*, 2018 WL 1703143, at *3. The court found that "Commerce's general discussion about depreciation does not comply with the court's instruction to make 'a fact-sensitive finding that the Thai Fermentation statements are missing "vital" information.'" *Id.* (citing *CP Kelco III*, 41 CIT at __, 211 F. Supp. 3d at 1345). Therefore, the court ordered that Commerce may "either translate the two paragraphs or leave them as is" but must, in any event, "use the Thai Fermentation statements to calculate surrogate financial ratios." *Id.* at 4.

## JURISDICTION AND STANDARD OF REVIEW

The court has jurisdiction pursuant to 28 U.S.C. § 1581(c).  The court must sustain Commerce's remand redetermination if it is supported by substantial record evidence, is otherwise in accordance with law, and is consistent with the court's remand order.  *See Ad Hoc Shrimp Trade Action Comm. v. United States*, 38 CIT __, __, 992 F. Supp. 2d 1285, 1290 (2014); *see also* 19 U.S.C. § 1516a(b)(1)(B)(i).

## DISCUSSION

In its latest remand results, "Commerce has relied upon the Thai Fermentation financial statements to recalculate Fufeng's weighted-average dumping margins for these final remand results."  Final Results of Fourth Redetermination Pursuant to Ct. Order 9, ECF No. 169 (July 5, 2018) ("Remand Results").  As Commerce explains, "the weighted-average dumping margin for Fufeng changes from 8.69 percent to 0.00 percent."  *Id.* at 12.  For reasons discussed at length in the court's four opinions in this action, the court finds that the Remand Results are supported by substantial evidence and, in all respects, are in accordance with the law.  The Remand Results also comply with the terms of *CP Kelco IV*.[1]

---

[1] CP Kelco now urges the court to "remand the case to Commerce with instructions clarifying that Commerce has the discretion to calculate Fufeng's weighted-average dumping margin using the simple average methodology so long as Commerce includes financial ratios derived from the Thai Fermentation financial statements in its calculation."  CP Kelco's Comments on Final Results of Fourth Remand Redetermination 2, ECF No. 173 (Aug. 6, 2018).  This suggestion arises out of its view "that a simple average of both the Thai Ajinomoto and Thai Fermentation financial statements would yield a more accurate rate."  *Id.* at 4–5.  However, this court's standard of review demands that it consider only the soundness of the decision before it.  Because the court finds that Commerce's determination here is supported by substantial evidence and in accordance with law, it does not reach either whether CP Kelco's preferred methodology is more reasonable or if that argument was waived, as per Fufeng's suggestion, Fufeng's Comments on Commerce's Fourth Remand 5–6, ECF No. 172 (Aug. 6, 2018).

## **CONCLUSION**

For the foregoing reasons, Commerce's Remand Results are **SUSTAINED**. Judgment will enter accordingly.

/s/ Richard W. Goldberg
Richard W. Goldberg
Senior Judge

Dated:  September 17, 2018
New York, New York